# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-22V**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| ERICA STASTNY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 20, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Tim Rutherford McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On January 2, 2020, Erica Stastny ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 et seq. (Vaccine Act). Petitioner alleges that an influenza vaccine she received on October 5, 2018, caused "adverse effects," including a right shoulder abscess. *See generally* Petition. In particular, Petitioner contends that the vaccine she received was administered by a Kentucky mobile vaccination entity that was later determined to have exercised inadequate safety control over its vaccines, resulting in numerous vaccinated individuals experiencing comparable abscess injuries.

This matter was initiated at the same time as a number of related petitions brought by similarly-situated claimants and represented by the afore-referenced attorney.[2] The parties

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] *See generally Silvers v. Secretary of Health and Human Services* (No. 20-1V), *Stewart v. Health and Human Services* (No. 20-19V), *Williams v. Secretary of Health and Human Services* (No. 20-1048V), *Atkins v. Secretary of Health and Human Services* (No. 20-333V), and *Williams v. Secretary of Health and Human Services* (No. 20-1120V).

consented to resolution of entitlement in one "test case," the results of which could then be applied to the related cases. On April 25, 2024, I ruled in favor of the *Silvers* petitioner, finding that the administration of the influenza vaccine had caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024).

On October 29, 2024, Respondent filed a Rule 4(c) Report in this action. *See* Respondent's Report (ECF No. 31) ("Report"). Having reviewed the evidence in this case and the *Silvers* decision, Respondent elected not to defend the case, and requested a ruling on the record. Report at 1-2.

In view of Respondent's position, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation. The same reasoning set forth in *Silvers* for why compensation was appropriate therein also applies to this claim.

On or before **January 10, 2025**, parties shall file a proffer or a joint status report detailing their status in resolving damages in this matter.

Any questions may be directed to my law clerk, Alexis Franks, at alexisfranks@cfc.uscourts.gov.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master