# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 20-22V**

* * * * * * * * * * * * * * * * * * * * * * * * *
ERICA STASTNY,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: July 17, 2025

*Tim Rutherford McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On January 2, 2020, Erica Stastny filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 et seq. (the "Vaccine Program").[2] Petitioner alleged that an influenza vaccine she received on October 5, 2018, caused "adverse effects," including a right shoulder abscess. *See generally* Petition, dated Jan. 2, 2020 (ECF No. 1). On January 7, 2025, Respondent filed a proffer proposing an award of compensation that I found reasonable and adopted as my Decision. Proffer, dated Jan. 7, 2025 (ECF No. 33) ("Proffer"); Decision Awarding Damages, dated Jan. 13, 2025 (ECF No. 35) ("Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 27, 2025 (ECF No. 39) ("Mot."). This is Petitioner's sole fees and costs request.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner requests $7,937.50 in attorney's fees and costs (reflecting $7,537.50 in attorney's fees, plus $400.00 in costs) for the work performed by Timothy McCarthy at Nutt Law Office. ECF No. 39-1; ECF No. 39-4. The requested costs include Petitioner's unreimbursed litigation costs, which are discussed in greater detail below. Respondent reacted to the present fees request on July 7, 2025. *See* Response, dated July 7, 2025 (ECF No. 40) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirement for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$7,937.50**.

## I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which base the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The *Davis* exception is designed to prevent windfalls to attorneys who work in less expensive legal markets. *See id.* In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates. *Id.* (finding the market rate in Washington, D.C. to be significantly higher than the market rate in Cheyenne, Wyoming).

Petitioner requests the following rates for Mr. McCarthy, based on the years work was performed:

| Year | Years of Experience | Requested Hourly Rate |
|---|---|---|
| **2019** | 26 | $375 |

| **2020** | 27 | $375 |
|---|---|---|
| **2021** | 28 | $375 |
| **2024** | 31 | $375 |
| **2025** | 32 | $375 |

Affidavit of Timothy McCarthy, dated June 16, 2025 (ECF No. 39-2); (ECF No. 39-4).

I have previously determined in a parallel case that Mr. McCarthy's requested rate is reasonable, and I incorporate that reasoning herein. *See Stewart v. Sec'y of Dep't of Health & Hum. Servs.*, No. 20-22-V, slip op. (Fed. Cl. Spec. Mstr. July 17, 2025). And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $400.00 in outstanding costs for the filing fee. ECF No. 39-1. This cost is typical in the Vaccine Program and thus eligible for reimbursement. Petitioner's costs shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding a total amount of **$7,937.50**, reflecting $7,537.50 in attorney's fees and $400.00 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.